UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MELISSA MAZZEI and LUIS COLON,

                Plaintiffs,

     - against -

THE CITY OF NEW YORK, DETECTIVE
ARTHUR TRUSCELLI, DETECTIVE
BRENDAN O'BRIEN, DETECTIVE JANE
DOE, and DETECTIVE JOHN DOE,

                Defendants.
---------------------------------------------------------x

**ORDER OF PARTIAL DISMISSAL**
25-CV-3023 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

       Plaintiffs Melissa Mazzei and Luis Colon, each proceeding *pro se*, filed a joint complaint on May 27, 2025, against the City of New York (the "City Defendant"), as well as Detective Arthur Truscelli, Detective Brendan O'Brien, and Jane and John Doe Detectives (the "Officer Defendants"). (Compl., Dkt. 1.) After submitting a joint motion to proceed *in forma pauperis* ("IFP"), (Dkt. 2), Plaintiffs each submitted separate IFP applications as directed by the Court, (*see* 6/9/2025 Dkt. Order; Dkts. 4–7). Plaintiffs' requests to proceed IFP are granted pursuant to 28 U.S.C. § 1915. For the reasons explained below, the City Defendant is dismissed, and the action will proceed against the Officer Defendants.

## BACKGROUND[1]

On May 22, 2024, multiple police officers entered Plaintiffs' home on Staten Island with a "no knock warrant" and arrested them. (Compl., Dkt. 1, at ECF[2] 3–5.) The arresting officers did not inform Plaintiffs of the arrest warrants or the charges against them. (*Id.* at ECF 5.) Plaintiffs were "thrown to the ground in front of their children." (*Id.*) Plaintiffs' two children, ages seven and ten, were interrogated without an adult being present. (*Id.*) The officers seized personal property, including property of the children. (*Id.*) Plaintiffs allege that the officers' actions violated their constitutional rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments. (*Id.* at ECF 5–6.) They assert that they suffered trauma and other emotional and psychological injuries as well as deprivation of liberty and property. (*Id.*) Plaintiffs seek $3 million in damages. (*Id.*)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a *pro se* complaint, the Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

---

[1] The following factual allegations are taken from the Complaint and are assumed to be true for purposes of this Order.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiffs allege civil rights violations and bring their claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Compl., Dkt. 1.) Section 1983 requires that plaintiffs demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [plaintiffs] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section 1983]." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A municipality can be liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

In this case, Plaintiffs have named the City of New York as a defendant, but they have not

alleged any unconstitutional policy or custom attributable to the City Defendant. Therefore, Plaintiffs' Section 1983 claims against the City Defendant are dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). With respect to Plaintiffs' claims against the Officer Defendants, Plaintiffs do not identify the specific actions taken by the Defendants or identify what each officer did or failed to do in violation of their constitutional rights. Nonetheless, the lawsuit will proceed against the remaining Defendants, with the expectation that Plaintiffs may be required to amend their pleadings to provide more detail about the alleged incidents after an initial conference with the presiding Magistrate Judge.

## CONCLUSION

Plaintiffs' requests to proceed IFP are granted pursuant to 28 U.S.C. § 1915. The City of New York is dismissed as a defendant. The action will proceed against the remaining Defendants. The Clerk of Court is respectfully directed to issue summons for Defendants Arthur Truscelli and Brendan O'Brien, and the United States Marshals Service is directed to serve the summons, Complaint, and this Order on these Defendants without prepayment of fees. The Clerk of Court shall mail a copy of this Order to each Plaintiff and send a courtesy copy to the Special Federal Litigation Division of the Corporation Counsel. The Court refers this matter to the Honorable Clay H. Kaminsky, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good

faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 21, 2025
      Brooklyn, New York